AMY JANE LONGO, Cal. Bar No. 198304
Email: longoa@sec.gov
LUCEE S. KIRKA, Cal. Bar No. 121685
Email: kirkal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF THE<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>        Applicant,<br><br>    vs.<br><br>IRA S. VIENER,<br><br>        Respondent. | Case No.<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** |

I. **INTRODUCTION**

1. The Applicant, the Securities and Exchange Commission (the "SEC"), hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondent Ira S. Viener ("Viener" or "Respondent") to comply with the subpoenas issued on October 30, 2019, and personally served on Respondent on November 3, 2019.

2. This Application is based on the Declaration of Lucee S. Kirka and the exhibits attached thereto regarding notice and the other relevant factual matters in this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently herewith, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

II. **JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4. Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district. *See*, 15 U.S.C. § 78u(c).

III. **RESPONDENT**

5. Respondent Viener is a certified public accountant, licensed in the State of New Jersey. He is the principal of Ira S. Viener, Inc., an entity through which he provides accounting and financial services. Viener provided audit services to Punch TV Studios Inc. ("Punch TV") concerning the fiscal years of 2015 and 2016.

IV. **THE SEC'S INVESTIGATION**

6. On October 12, 2016, the SEC issued a formal order of private investigation (the "Formal Order"), entitled *In the Matter of Punch TV Studios, Inc.*,

SEC File No. LA-04717, pursuant to Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a).

7. Pursuant to the Formal Order, the SEC directed that an investigation be conducted to determine, among other things, whether any persons or entities affiliated with Punch TV are engaging in or are about to engage in violations of Sections 5(a) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77q(a), and Sections 10(b) and 15(a) of the Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by carrying out various acts and practices.

8. Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates certain members of the SEC staff as officers of the SEC. As officers, they are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which are relevant or material to the inquiry and to perform all other duties in connection therewith as prescribed by law.

9. On March 23, 2017, the SEC issued a supplemental formal order of private investigation (the "Supplemental Formal Order"), designating and empowering an additional member of the SEC staff, as officers of the SEC to, among other things, subpoena witnesses for testimony, compel their attendance, take evidence and require the production of materials relevant or material to the investigation.

10. Respondent produced documents and subsequently appeared for testimony on May 11, 2017, in the SEC's Los Angeles Regional Office, pursuant to prior SEC investigative subpoenas issued to him.

## V. INVESTIGATIVE SUBPOENAS ISSUED

### A. The August and September Investigative Subpoenas

11. On August 20, 2019, the SEC staff issued an investigative subpoena to Respondent. The subpoena required him to produce certain documents at the SEC's

Washington D.C. headquarters on or before September 4, 2019.  The SEC staff served its investigative subpoena via UPS.

12. On September 5, 2019, the SEC staff issued an investigative subpoena to Respondent.  The subpoena required him to appear for testimony at the SEC's Los Angeles Regional Office on October 24, 2019.  The September 5, 2019 subpoena was attached to a cover letter from SEC staff to Respondent, which extended the due date for production of documents to September 12, 2019.  The SEC staff served its investigative subpoena via UPS.

13. SEC staff contacted Respondent to inquire as to his compliance with the August and September subpoenas, but received no response.

14. On October 10, 2019, SEC staff sent Respondent a letter via email and U.S. mail noting that Respondent had failed to produce documents.

15. Respondent failed to produce any documents in response to the August subpoena and failed to appear for testimony in October 2019.

**B.     The October 30 Subpoenas**

16. On October 30, 2019, the SEC staff issued two investigative subpoenas to Respondent.  The first investigative subpoena required him to produce certain documents at the SEC's Washington D.C. headquarters on or before November 8, 2019.  The second investigative subpoena required him to appear for testimony at the SEC's New York Regional Office on December 4, 2019.  The subpoenas were attached to a cover letter from SEC staff to Respondent.

17. The SEC staff served its investigative subpoenas on Respondent on November 3, 2019, via personal service at his place of residence in New Jersey.

18. Respondent did not produce any documents by November 8, 2019.

19. On November 13, 2019, SEC staff sent correspondence to Respondent to inquire as to his compliance with the October 30 document subpoena.  SEC staff also attempted to call Respondent on the telephone number he last provided, but he did not answer and his phone did not accept voicemails.

20. Respondent then emailed the SEC staff on December 2, 2019, requesting a two-week extension of his time to produce documents due to a medical condition.

21. On December 3, 2019, the SEC staff replied to Respondent's email and agreed to the two-week extension of his time to produce documents, extending the date to December 18, 2019. SEC staff also extended the date for Respondent's testimony to January 8, 2020.

22. Respondent failed to respond to the SEC staff's December 3, 2019 email. SEC staff emailed him again on December 9th and 20th and he never responded.

23. Respondent did not produce any documents by December 18, 2019.

24. On January 3, 2020, the SEC staff emailed Respondent to confirm that his testimony would go forward on January 8, 2020 in the New York Regional Office.

25. Respondent did not respond to the email, and did not return a message SEC staff left on his phone on January 8, 2020, when he did not appear.

26. Respondent has not produced any documents to date, nor appeared for testimony, and he has ceased responding to emails and phone calls from SEC staff.

## VI.  NOTICE

27. After personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.

28. The SEC gave notice of its Application to Respondent via email dated January 22, 2020, wherein the SEC staff advised Respondent that the Application would be filed in the United States District Court for the Central District of California.

WHEREAS, the SEC respectfully requests that:

a) this Court issue an Order to Show Cause forthwith directing Respondent to show cause, if there be any, why this Court should not order Respondent to produce documents responsive to the SEC's administrative subpoena issued on

4

October 30, 2019, to a duly designated officer or officers of the SEC in the Formal Order, SEC File No. LA-04717, and appear for testimony in response to the SEC's administrative subpoena issued on October 30, 2019, to a duly designated officer or officers of the SEC in the Formal Order, SEC File No. LA-04717;

      b)    upon return of the Order to Show Cause, this Court issue an Order directing the Respondent to produce documents responsive to the SEC's administrative subpoena issued on October 30, 2019 and to appear for testimony; and

      c)    the SEC be granted such other and further relief as may be appropriate.

Dated: January 22, 2020                      Respectfully submitted,

                                                */s/ Amy Jane Longo*
                                                Amy Jane Longo
                                                Lucee Kirka
                                                Attorneys for Applicant
                                                Securities and Exchange Commission